UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REV. WILLIE WILLIAMS, JR.,            :

    Plaintiff,                             :

                              CIVIL ACTION NO.

v.                                    :

                              1:06-CV-1045-MHS

PUBLIX SUPERMARKET, INC.,             :
et al.,

                         :

    Defendants.

                         :

## ORDER

This matter is before the Court on defendant's motion for summary judgment. For the reasons set forth below, the Court grants defendant's motion.

Background

This is a product liability action involving a negligence claim against a retail store and a retail store manager. On May 2, 2006, plaintiff Reverend Willie Williams, Jr., proceeding pro se, brought this suit against Publix Supermarket, Inc., Charlie Jenkins, Jr., Ed Crenshaw, and Ester Santillie. On July 20, 2006, the Court granted defendants' unopposed motion to dismiss and dismissed Charlie Jenkins, Jr. and Ed Crenshaw from the case.

Defendant Ester Santillie has now filed a motion for summary judgment. In support of her motion for summary judgment, defendant has submitted a statement of material facts as to which there is no genuine issue to be tried. Plaintiff has not responded to defendant's statement of material facts. Therefore, the Court will deem each of defendant's facts as admitted. See LR 56.1 B(2)(a)(2), ND Ga.

On February 27, 2006, plaintiff allegedly purchased a box of Sun Date packaged pitted dates from the Publix grocery store located at Hairston Crossing in Decatur, Georgia. After shopping, plaintiff returned home and removed the packaged dates from a grocery bag. He observed worms crawling inside the unopened package. Plaintiff became nauseated and vomited on the kitchen floor. He also experienced dizziness, heart palpitations, elevated blood pressure, and headaches. He subsequently experienced continued nausea and sleeplessness for which he has been prescribed medications.

On February 28, 2006, plaintiff returned to the same Publix store with the Sun Date package of dates wrapped tightly so that the worms could not escape. Plaintiff showed the package of dates to a Publix Customer Service Associate and

two employees. Plaintiff asked to see the store manager, defendant Ester Santillie, but she was not working on that day. A Publix employee gave plaintiff the contact information for Publix's headquarters.

On March 1, 2006, plaintiff called Publix's headquarters and spoke with a Customer Service Representative who informed him that a store manager would contact him. On March 2, 2006, defendant Santillie called plaintiff and arranged to meet him at 10:00 a.m. At the meeting, defendant Santillie reimbursed plaintiff for the box of dates, and upon his request, wrote him a letter expressing Publix's regret that he was a dissatisfied customer.

As Store Manager, defendant Santillie is responsible for managing the day to day activities of the twelve department managers, but she is not responsible for supervising every store employee and every function of each employee's job. The department managers supervise the store employees and the employees answer to the manager of their particular department. Defendant Santillie does not directly oversee the employees of the various departments.

3

AO 72A
(Rev.8/82)

Defendant Santillie has no knowledge of the Hairston Crossing Publix having any boxes of pitted dates containing any worms. She was not responsible for the production, packaging, inspection, or sale of the pre-packaged Sun Date pitted dates which plaintiff allegedly purchased.

Discussion

The Court has instructed plaintiff to respond to defendant's motion for summary judgment but plaintiff has not done so. Therefore, plaintiff's failure to respond to defendant's motion indicates that plaintiff does not oppose the motion. See LR 7.1B, ND Ga. However, the Court may not merely grant defendant's motion because it is unopposed. Instead, the Court must consider the merits of the motion, review all of the evidentiary materials submitted in support of the motion, and determine if summary judgment is appropriate. United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Fla., 363 F.3d 1099, 1101-02 (11th Cir. 2004).

Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

4

element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The movant bears the initial responsibility of asserting the basis for his motion. Celotex, 477 U.S. at 323; Apcoa, Inc. v. Fidelity National Bank, 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex, 477 U.S. at 325. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence designating "specific facts showing that there is a genuine issue for trial." Id. at 324. While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988), "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is

5

that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is material when it is identified by the controlling substantive law as

an essential element of the non-moving party's case. Anderson, 477 U.S. at 248.

An issue is genuine when the evidence is such that a reasonable jury could return

a verdict for the nonmovant. Id. The nonmovant "must do more than simply show

that there is some metaphysical doubt as to the material facts . . . . Where the

record taken as a whole could not lead a rational trier of fact to find for the non-

moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v.

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). An issue is not genuine if it is

unsupported by evidence, or if it is created by evidence that is "merely colorable"

or is "not significantly probative." Anderson, 477 U.S. at 249-50. Thus, to

survive a motion for summary judgment, the non-moving party must come

forward with specific evidence of every element material to that party's case so as

to create a genuine issue for trial.

In his complaint, plaintiff alleges that defendant Santillie was negligent in

performing her managerial duties and allowing the sale of the dates with worms.

AO 72A
(Rev.8/82)

Plaintiff alleges that defendant was negligent in checking the expiration date of the package of dates, affixing an expiration date to the package, pulling, rotating, or examining the product, or checking the shelves. Plaintiff must prove the following elements to maintain a cause of action for negligence: "(1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff." Roberts v. Aderhold, 273 Ga. App. 642, 643 (2005). Plaintiff must introduce evidence that shows that more likely than not that the conduct of defendant was the cause in fact of the result. Feazell v. Gregg, 270 Ga. App. 651, 655 (2004). However, a mere possibility that defendant Santillie caused plaintiff's injuries is not enough. See id. "[W]hen the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." Id.

There is no evidence that defendant Santillie had any contact with the package of dates that plaintiff allegedly purchased. Defendant Santillie was not responsible for the production, packaging, inspection, or sale of the product, nor was she responsible for supervising every store employee and every function of

AO 72A
(Rev.8/82)

each employee's job. Therefore, there is no evidence that more likely than not defendant Santillie's conduct was the cause in fact of plaintiff's alleged injuries.

In addition, defendant Santillie is not liable to plaintiff for the alleged negligence of all Publix employees. In order for the alleged negligence of a Publix employee to be imputable to defendant Santillie, defendant Santillie must stand in a such a relation or privity to the negligent Publix employee such as to create the relation of principal and agent. See O.C.G.A. § 51-2-1(a). This relationship would arise whenever defendant Santillie, expressly or impliedly, authorized a Publix employee to act for her or subsequently ratified the acts of a Publix employee on her behalf. See O.C.G.A. § 10-6-1.

If a Publix employee was negligent in handling or examining the dates plaintiff allegedly purchased, there is no evidence that defendant Santillie had a principal/agent relationship with all Publix employees who may have come in contact with the dates. Defendant Santillie was responsible for managing the twelve department managers who reported directly to her, but she did not supervise every store employee or directly oversee the employees of the various departments.

8

AO 72A
(Rev.8/82)

## Conclusion

For the foregoing reasons, the Court GRANTS defendant Ester Santillie's

motion for summary judgment [#26].

IT IS SO ORDERED, this ____ day of November, 2006.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

9