UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

REV. WILLIE WILLIAMS, JR.,              :

    Plaintiff,                                      :

                                                               CIVIL ACTION NO.

v.                                                          :

                                                               1:06-CV-1045-MHS

PUBLIX SUPERMARKET, INC.,            :
et al.,
                                                           :

    Defendants.
                                                           :

**ORDER**

This matter is before the Court on defendant's motion to dismiss. For the reasons set forth below, the Court grants defendant's motion.

Background

This is a product liability action involving a negligence claim against a retail store and a retail store manager. On May 2, 2006, plaintiff Reverend Willie Williams, Jr., proceeding pro se, brought this suit against Publix Supermarket, Inc. ("Publix"), Charlie Jenkins, Jr., Ed Crenshaw, and Ester Santillie. On July 20, 2006, the Court granted defendants' unopposed motion to dismiss and dismissed Charlie Jenkins, Jr. and Ed Crenshaw from the case, and on November 21, 2006,

AO 72A
(Rev.8/82)

the Court granted Ester Santillie's motion for summary judgment. Publix now moves to dismiss this case with prejudice.

Plaintiff alleges in his complaint that on February 27, 2006, plaintiff purchased a box of Sun Date packaged pitted dates from the Publix grocery store located at Hairston Crossing in Decatur, Georgia. After shopping, plaintiff returned home and removed the packaged dates from a grocery bag. He observed worms crawling inside the unopened package. Plaintiff became nauseated and vomited on the kitchen floor. He also experienced dizziness, heart palpitations, elevated blood pressure, and headaches. He subsequently experienced continued nausea and sleeplessness for which he has been prescribed medications.

On February 28, 2006, plaintiff returned to the same Publix store with the Sun Date package of dates wrapped tightly so that the worms could not escape. Plaintiff showed the package of dates to a Publix Customer Service Associate and two employees. Plaintiff asked to see the store manager, Ester Santillie, but she was not working on that day. A Publix employee gave plaintiff the contact information for Publix's headquarters.

On March 1, 2006, plaintiff called Publix's headquarters and spoke with a Customer Service Representative who informed him that a store manager would contact him. On March 2, 2006, Santillie called plaintiff and arranged to meet him at 10:00 a.m. At the meeting, Santillie reimbursed plaintiff for the box of dates, and upon his request, wrote him a letter expressing Publix's regret that he was a dissatisfied customer.

Discussion

Publix moves to dismiss this case pursuant to Fed. R. Civ. P. 41(b) for plaintiff's failure to diligently prosecute this case and pursuant to Fed. R. Civ. P. 37(d) for plaintiff's failure to appear at four noticed depositions. Plaintiff did not respond to Publix's motion.

Rule 37(d) authorizes the Court to dismiss an action if a party fails to appear for a properly noticed deposition. Although dismissal is disfavored, "dismissal may be appropriate when plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). Plaintiff was noticed for his deposition four times. Despite this notice as well as follow-up letters and phone calls to plaintiff from defense counsel confirming his scheduled

depositions, plaintiff failed to appear each time. Plaintiff has abused the discovery process forcing defense counsel to waste time and resources in trying to take his deposition. The Court finds that plaintiff's refusal to attend his deposition four times was wilful and in bad faith.

Under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order or the federal rules. "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great Am. Commc'n, 178 F.3d 1373, 1374 (11th Cir. 1999).

On September 1, 2006, the Court informed plaintiff that despite his pro se status, he must still abide by the Federal Rules of Procedure as well as the Local Rules of the Court. The Court further explained that the parties should file unilaterally a Joint Preliminary Report and Discovery Plan, if they did not file one jointly. Although defendants filed their Joint Preliminary Report and Discovery Plan, plaintiff failed to do so. The Court finds that plaintiff wilfully disregarded the Court's Order and failed to abide by the rules of the Court.

4

Moreover, the Court finds that plaintiff has failed to diligently prosecute this case. He failed to appear for depositions, failed to file his Joint Preliminary Report and Discovery Plan, and never responded to either Ester Santillie's motion for summary judgment or Publix's motion to dismiss. The Court concludes that only dismissal of this case will suffice as a sanction, and therefore pursuant to Rules 37(b)(2)(C), 37(d), and, 41(b), the Court dismisses this action.

Conclusion

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss [#41] and DISMISSES WITH PREJUDICE this action.

IT IS SO ORDERED, this 29 day of January, 2007.

Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia

AO 72A
(Rev.8/82)